IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES REGINALD YOUNG,

    Petitioner,

v.                                               CASE NO. 1:07-cv-254-MP-AK

STATE OF FLORIDA,

    Respondent.

_____/

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus, filed by James Reginald Young.  This petition is almost verbatim to the petition previously filed in *Young v. State*, Cause No. 1:07cv99-MMP/AK (N.D. Fla.).  That case, which indicated an attack on his February 7, 1995, conviction for burglary of an occupied dwelling, was dismissed as an unauthorized second or successive petition.

Having failed to gain relief in 1:07cv99, Petitioner, on this occasion, seeks to challenge his July 9, 1991, convictions for aggravated assault, burglary, and grand theft, which he maintains were "definitely illegally used to enhance his 2-7-95 conviction & sentence...."  Doc. 1 at 5a.  Petitioner did not appeal the 1991 convictions, and he did not seek post-conviction relief in state court on those convictions until February 18, 2000.  *Id*. at 1 & 11 of 27.  On May 3, 2006, the state court denied relief on the grounds that, pursuant to *Bates v. State*, 887 So.2d 1214

(Fla. 2004), the motion was untimely.  *Id*.  Alternatively, the court found that if the "motion were timely filed [it] failed to present an issue upon which relief could be granted."  *Id*. at 11-12 of 27.  Petitioner appealed that ruling, which was affirmed on January 19, 2007.  *Id*. at 13 of 27.  The Florida Supreme Court denied discretionary review on May 3, 2007.  *Id*. at 16-17 of 27.  The instant petition is dated December 8, 2007.  *Id*. at 10 of 27.

The instant petition is patently untimely.  Petitioner's 1991 convictions became final before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) on April 24, 1996.  For convictions which became final before that date, the one-year period begins to run from the date of enactment of the AEDPA.  *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000).  Petitioner therefore had one year from that date to file his petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2244(d)(1)(A).

As the instant petition was not filed until December 8, 2007, Petitioner clearly missed the filing deadline, and nothing he did in state court after the expiration of the statute of limitations serves to revive the time for filing here.  *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (tolling provisions do not restart statute of limitations once limitations period has expired); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).  In other words, the time for filing the instant petition had expired before Petitioner filed the post-conviction motion in state court on February 18, 2000, and the filing of that motion could not toll a statute of limitations that had already expired.  Though the time for filing a § 2254 petition may be equitably tolled under certain extraordinary circumstances, Petitioner has not suggested that this is an issue, and a review of the documents reveals nothing to support equitable tolling.

*See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (to qualify for equitable tolling, petitioner must show extraordinary circumstances that are both beyond his control and unavoidable even with diligence); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).

Because the instant petition is untimely, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this *17th* day of December, 2007.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**